J-S26014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TINA KAUFMAN | |
| Appellant | No. 1659 MDA 2014 |

Appeal from the Judgment of Sentence September 11, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000482-2012

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 23, 2015**

Tina Kaufman appeals from the judgment of sentence imposed on September 11, 2014, in the Court of Common Pleas of Lycoming County following her conviction[1] on charges of driving under the influence (DUI) incapable of safe driving, DUI highest rate, and careless driving.[2]  She received a sentence of five years' probation under the Intermediate Punishment Program with the first ninety days to be served at the Pre-Release Center.  In this timely appeal, Kaufman argues the trial court erred

---

[1] Kaufman waived her rights to a jury trial and was tried by the Honorable Nancy L. Butts, P.J.

[2] 75 Pa.C.S.  §§ 3802(a)(1), 3802(c), and 3714(a), respectively.  Although it is not at issue in this appeal, pursuant to section 3802(c), Kaufman had a BAC of .175.

in failing to grant her motion for suppression.  After a thorough review of Kaufman's brief,[3] the certified record and relevant law, we affirm.

For the factual history, we recite the relevant portion of the trial court's Pa.R.A.P. 1925(a) opinion.

> On December 11, 2011 around 2:13 AM, Chief Jeffrey Gyurina (Gyurina) of the Montoursville Police Department was driving in a marked police vehicle east bound on Route 180 when he observed a red Ford Taurus.  Gyurina testified that he saw the vehicle veer into the adjoining lane twice and go over the fog line three (3) times.  The parties submitted the in-car tape from the police vehicle, which the parties agreed for the Court to review in preparation of this decision.  The Court reviewed the tape and observed the Ford Taurus cross the fog line twice and swerve into the adjoining lane on four (4) occasions.  In addition, the vehicle continuously swerved profoundly from each side of the lane.
>
> Gyurina engaged his emergency lights and pulled the vehicle over based upon reasonable suspicion of Driving Under the Influence of Alcohol and probable cause of Careless driving.

Trial Court Opinion, 2/7/2014, at 1.

Based upon this evidence, Kaufman claims the police lacked a reasonable suspicion to stop her for suspicion of DUI and probable cause for careless driving.  The trial court only addressed the claim of reasonable suspicion of DUI.  Our standard of review for this issue is as follows:

> The issue of what quantum of cause a police officer must possess in order to conduct a vehicle stop based upon a possible

---

[3] The Commonwealth did not file a brief, opting to rely on the trial court's reasoning.

- 2 -

violation of the Motor Vehicle Code is a question of law, over which our scope of review is plenary and our standard of review is de novo. However, in determining whether the suppression court properly denied a suppression motion, we consider whether the record supports the court's factual findings. If so, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Holmes***, 14 A.3d 89, 94 (Pa. 2011) (citations omitted).

Both Kaufman and the trial court correctly note that a police officer must possess a reasonable suspicion of impairment to legally stop a vehicle to investigate for DUI. ***See generally***, ***Commonwealth v. Feczko***, 10 A.3d 1285 (Pa. Super. 2010). "[T]o demonstrate reasonable suspicion, an officer "must be able to point to specific and articulable facts and reasonable inferences drawn from those facts in light of the officer's experience." ***Commonwealth v. Holmes***, 14 A.3d 89, 96 (Pa. 2011) (citation omitted). Further, in determining whether a police officer possessed reasonable suspicion, "we must accord due weight to the specific reasonable inferences [he] is entitled to draw from the facts in light of his experience." ***Commonwealth v. Sands***, 887 A.2d 261, 272 (Pa. Super. 2005) (citation omitted).

Instantly, Chief Gyurina testified that on December 11, 2011, at approximately 2:13 A.M.,

[Gyurina:] We were on 180 traveling eastbound towards the mall. There was a red Taurus in front of us. We started watching it. The videotape was on. We started watching the car swerve, swerve here, wander into the passing lane, and then back into the driving lane. We followed the car and watched it do it again, and based on our observations, made a stop.

[Commonwealth:] Do you remember how many times you saw the red Taurus veer over either the fog line or center line?

[Gyurina:] I would say at least three.

[Commonwealth:] And based upon those maneuvers by Miss Kaufman, you decided to stop the vehicle, is that right?

[Gyurina:] Correct.

N.T. Suppression Hearing, 12/30/2013, at 7-8.

Based upon this testimony and the review of the videotape mentioned in Chief Gyurina's testimony, the trial court determined:

Gyurina has over fifteen (15) years of experience with the Montoursville Police Department and has received training in observing the signs/indications of intoxication. Gyurina observed the vehicle repeatedly sway from one side of the lane to the other for over two (2) minutes. In addition, the vehicle crossed the fog line two (2) times and into the adjoining lane four (4) times. Based upon the following observation by Gyurina and his experience with the Montoursville Police Department, the Court finds that he had reasonable suspicion to believe a DUI was being committed to conduct an investigatory stop on [Kaufman].

Trial Court Opinion, 2/7/2014, at 3-4 (footnote omitted).

We agree with the trial court that the facts presented instantly are substantially similar to those presented in *Commonwealth v. Hughes*, 908 A.2d 924 (Pa. Super. 2006), wherein the defendant swerved in and out of his lane of travel three times in less than one mile, and *Commonwealth v. Sands*, 887 A.2d 261 (Pa. Super. 2005), wherein the defendant drifted slowly over the fog line on three occasions. In both instances, the police possessed a reasonable suspicion to stop the vehicle and investigate for the

possibility of DUI.  Accordingly, the trial court committed no error when it denied Kaufman's motion to suppress.[4]

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2015

---

[4] Because we have determined the DUI investigative stop was proper, we need not determine whether the probable cause stop for careless driving was proper.